# EXHIBIT A

ACTIVE/72285152.1

1  STEGER P. JOHNSON (SBN 83421)
   J. KEVIN MORRISON (SBN 160531)
2  BRYAN D. LAMB (SBN 197675)
   **JONES, CLIFFORD, JOHNSON & JOHNSON, LLP**
3  100 Van Ness Avenue, 19th Floor
   San Francisco, CA 94102
4  Telephone: (415) 431-5310
   Facsimile: (415) 431-2266
5
6  Attorneys for Plaintiff
   SEAN MICHAEL CARTER

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT_____

SUMMONS ISSUED

## SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF CONTRA COSTA

### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| SEAN MICHAEL CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>K&K INSURANCE GROUP, INC. dba SPECIALTY BENEFITS ADMINISTRATOR, INC.; NATIONWIDE LIFE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; AON CORPORATION and DOES 1 to 100<br><br>Defendants. | Case No C 07-01357<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Breach of Written Contract;<br>2. Breach of the Covenant of Good Faith and Fair Dealing<br>3. Breach of Statutory Duty [Ins.Code § 790.03(h)]<br>4. Fraud and Deceit—Promise Made Without Intention of Performing It [Civ.Code §§ 1710(4) and 1572(4)<br>5. Negligent Misrepresentation [Civ. Code §§1710(2) and 1572(2)<br>6. Intentional Infliction of Emotional Distress<br>7. Negligent Infliction of Emotional Distress |

**DEMAND FOR JURY TRIAL**            **BY FAX**

Plaintiff hereby demands a jury trial.

### COMPLAINT

The following is a complaint alleging bad faith against Defendants brought by SEAN MICHAEL CARTER who alleges on information and belief as follows:

### PARTIES

1.  Plaintiff SEAN MICHAEL CARTER is a resident of the State of California, County

1
UNVERIFIED COMPLAINT FOR DAMAGES

of Contra Costa.

2. Defendant K & K INSURANCE GROUP, INC. dba SPECIALTY BENEFITS ADMINISTRATOR, INC. is an Indiana corporation whose principal place of business is in Fort Wayne, Indiana. Defendant K & K INSURANCE GROUP, INC. dba SPECIALTY BENEFITS ADMINISTRATOR, INC. is in the business of all aspects insurance policy sales, claim administration and underwriting, and related activities within the State of California.

3. Defendant NATIONWIDE LIFE INSURANCE COMPANY is an Ohio corporation whose principal place of business is Columbus, Ohio. Defendant NATIONWIDE LIFE INSURANCE COMPANY is in the business of all aspects of insurance policy sales, claim administration and underwriting, and related activities within the State of California.

4. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY is an Ohio corporation whose principal place of business is Columbus, Ohio. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY is in the business of all aspects of insurance policy sales, claim administration and underwriting, and related activities within the State of California.

5. Defendant AON CORPORATION is an Illinois corporation whose principal place of business is Chicago, Illinois. Defendant AON CORPORATION is in the business of all aspects of insurance policy sales, claim administration and underwriting, and related activities within the State of California.

6. The true names and capacities of Defendants sued in this Complaint under the fictitious names of Does 1 through 100, inclusive, are unknown to Plaintiff who therefore sues such Defendants by such fictitious names.

7. All the Defendants described above shall collectively be referred to as "Defendants" in this complaint.

8. Whenever reference is made in this complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in that cause of action.

9. Whenever reference is made in this complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts

alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

10. At all relevant times, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

11. At all relevant times, each Defendant has committed the acts, caused others to commit the acts, or permitted others to commit the acts referred to in this complaint.

## VENUE

12. Venue in this action is proper in the County of Contra Costa based upon the fact that the injury-causing incident and the denial of insurance coverage occurred in said county.

## FACTUAL ALLEGATIONS

13. On or about April 27, 2005, Plaintiff SEAN MICHAEL CARTER was either an independent contractor hired by GOLDEN GATE GYMNASTICS, INC. or he was an employee in the course and scope of his employment with GOLDEN GATE GYMNASTICS, INC.

14. GOLDEN GATE GYMNASTICS, INC. obtained a general liability insurance policy that contained no-fault medical treatment coverage for participants.

15. On or about April 27, 2005 GOLDEN GATE GYMNASTICS, INC. was conducting gymnastics classes and instruction at its facility in Concord, California.

16. On or about April 27, 2005 MICHAEL LYNCH was acting as a co-owner and Director of GOLDEN GATE GYMNASTICS, INC. in Concord, California.

17. On or about April 27, 2005, SEAN MICHAEL CARTER suffered quadriplegia while participating in gymnastic activities at GOLDEN GATE GYMNASTICS, INC. in Concord, California.

18. SEAN MICHAEL CARTER made a claim for the no-fault medical treatment benefits provided in the GOLDEN GATE GYMNASTICS, INC.'s contract for insurance with Defendants.

19. Defendants denied coverage for the no-fault medical treatment benefits on June 27, 2005 by letter to SEAN MICHAEL CARTER

20. At the time the claim for benefits was made and at the time of the denial of coverage

3
UNVERIFIED COMPLAINT FOR DAMAGES

no other insurance policy existed that provided SEAN MICHAEL CARTER with any type of medical benefits.

### FIRST CAUSE OF ACTION -- BREACH OF WRITTEN CONTRACT

21. AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF INSURANCE CONTRACT, PLAINTIFF SEAN MICHAEL CARTER COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND ALLEGES AS FOLLOWS

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 inclusive, as if fully set forth herein.

23. On or about August 24, 2004, for valuable consideration GOLDEN GATE GYMNASTICS, INC. entered into a written contract of insurance with Defendants. A true and correct copy of said written contract is attached hereto as Exhibit "A."

24. Under the terms of said written contract, Defendants issued to GOLDEN GATE GYMNASTICS, INC. an insurance policy intended, by both parties, to insure GOLDEN GATE GYMNASTICS, INC. and any person participating in activities at GOLDEN GATE GYMNASTICS, INC.'s location in Concord California for no-fault medical treatment benefits.

25. On or about April 27, 2005 Plaintiff suffered quadriplegia while participating in activities at GOLDEN GATE GYMNASTICS, INC.'s facility in Concord, California.

26. Plaintiff is informed and believes that Defendants, and each of them, were promptly notified of the loss.

27. Plaintiff timely submitted proof of loss claims pertaining to Plaintiff's personal injury losses and need for medical treatment.

28. Plaintiff has performed all conditions on Plaintiff's part to be performed in connection with the subject insurance policy.

29. On or about June 27, 2005, Defendants wrongfully rejected and denied Plaintiff's claim claiming Plaintiff was not a "participant" as that term is used in the contract (Exhibit A.). Defendants' denial was categorical and did not request any additional information or suggest that any further investigation was necessary.

30. Defendants' rejection of Plaintiff's claim constitutes a deliberate breach of Defendants' contractual duty to adjust and settle its insured's claims fairly and in good faith. Accordingly, said conduct by Defendants constitutes a breach of written contract.

31. By reason of Defendants' breach of contract, Plaintiff has been caused to suffer and will continue to suffer ongoing personal, financial and emotional damages, and has not yet been compensated for the losses sustained in the incident that caused the quadriplegia as provided for in the subject insurance policy, by reason of which Plaintiff has been damaged as hereinafter set forth.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

32. AS AND FOR A SECOND, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

33. Plaintiff incorporates by reference, paragraphs 1 through 31 of the first cause of action of this complaint, and makes them a part hereof, as though fully set forth herein.

34. Defendants breached the covenant of good faith and fair dealing inherent in all contracts, by engaging in the following outrageous course of conduct:

(a) Failing to honor the terms of its insurance policy without any justification therefor;

(b) Engaging in bad faith conduct designed to unreasonably delay the processing of payment of Plaintiff's claims. Said conduct included denying Plaintiff's claims outright without performing an adequate investigation of the facts.

(c) Rejecting Plaintiff's claim based upon the following misstatements of fact:

    (i) That Plaintiff was performing a "stunt" and was not a participant under the contract

    (ii) The Plaintiff was not engaged in a "covered program" when he suffered injury.

    (iii) That Plaintiff's job duties involved only office assistant type tasks.

Said information was incorrect but was asserted by Defendants, and each of them, with specificity in said proof of claims and/or without a reasonable factual basis and without conducting a reasonable good faith effort to ascertain the correct information.

 (d) Refusing to provide the medical coverage the insurance policy provides.

 (e) Refusing and failing to schedule or request an examination of Plaintiff.

35. In doing the acts hereinabove alleged, the Defendants, and each of them, breached the covenant of good faith and fair dealing inherent in all contracts. As a proximate result of said acts and conduct, Plaintiff has been caused to suffer losses derived therefrom, has not yet been compensated for the losses sustained provided for in the subject insurance policy and severe and substantial mental and emotional distress, by reason of which Plaintiff has been damaged as hereinafter set forth.

36. The foregoing acts of the Defendants, and each of them, were done fraudulently, oppressively, maliciously, and in conscious disregard of Plaintiff's rights, as those terms are defined in Civil Code § 3294, by reason of which Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION -- (BREACH OF STATUTORY DUTY)

37. AS AND FOR A THIRD, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF STATUTORY DUTY, UNDER INSURANCE CODE SECTION 790.03(h), PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS AND EACH OF THEM AND ALLEGES AS FOLLOWS:

38. Plaintiff incorporates by reference as though fully set forth herein, paragraphs 1 through 36 and makes them a part hereof as though fully set forth herein.

39. Defendants and each of them received timely notice of the April 27, 2005 incident. In violation of the statutory duties required under California Insurance Code § 790.03(h), Defendants,

and each of them, engaged in the following conduct:

    (a) Misrepresenting to Plaintiff the pertinent facts and/or insurance policy provisions relating to any coverage issues by misrepresenting Plaintiff's obligations and Defendants' obligations under the contract in violation of Insurance Code § 790.03(h)(1);

    (b) Failing to acknowledge and act reasonably promptly with respect to the claims submitted to Defendants under their insurance policy, a violation of Insurance Code § 790.03(h)(2);

    (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims arising under the subject insurance policy in violation of Insurance Code § 790.03(h)(3);

    (d) Failing to affirm or deny coverage of Plaintiff's claims under the insurance policy within a reasonable time after proof of loss requirements had been completed and submitted by Plaintiff to Defendants and each of them, in violation of Insurance Code § 7909.03(h)(4);

    (e) Failing to act in good faith to effectuate a prompt, fair and equitable settlement of the claims despite the fact that liability had become reasonably clear, in violation of Insurance Code § 790.03(h)(5);

    (f) Failing to provide any reasonable explanation of the basis relied upon in the insurance policy, in relation to the facts or applicable law, for the substantial delay and/or refusal to pay Plaintiff's claims in violation of Insurance Code § 790.03(h)(13).

40.   As a direct and proximate result of the acts of the Defendants, and each of them, in breaching the above-described statutory duties, Plaintiff was caused to suffer losses and has not been compensated for the losses as provided for in the subject insurance contract, all to Plaintiff's damage.

41.   The acts of the Defendants, and each of them, were willful, malicious and carried on with a conscious disregard for the insureds' rights under the subject policy as those terms are defined

in Civil Code § 3294, thereby warranting the assessment of exemplary and punitive damages against Defendants, and each of them, in an amount appropriate to punish them and set forth an example for others.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION - FRAUD AND DECEIT
### (PROMISE MADE WITHOUT INTENTION OF PERFORMING IT)

42. AS AND FOR A FOURTH, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FRAUD AND DECEIT BASED ON THE MAKING OF A PROMISE WITHOUT THE INTENTION OF PERFORMING IT, UNDER CIVIL CODE SECTIONS 1710(4) AND 1752(4), PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS AND EACH OF THEM AND ALLEGES AS FOLLOWS:

43. Plaintiff incorporates by reference paragraphs 1 through 41 of this complaint, and makes them a part hereof as thought fully set forth herein.

44. On or about August 26, 2004, Defendants, and each of them, promised GOLDEN GATE GYMNASTICS, INC. that in the event that a person was injured participating in activities at GOLDEN GATE GYMNASTICS, INC. Defendants would compensate the injured party according to the terms and conditions of the policy of insurance issued to GOLDEN GATE GYMNASTICS, INC. by Defendants.

45. Plaintiff was a third party beneficiary of the contract and a covered person under the contract.

46. At the time said promises were made, Defendants never intended to perform them; and in fact, Defendants never did perform them.

47. At the time said promises were made, and at the time GOLDEN GATE GYMNASTICS, INC. and Plaintiff acted or refrained from acting in reliance thereon, Plaintiff was ignorant of Defendants' secret intention not to perform said promises, and Plaintiff could not, by the exercise of reasonable diligence, have discovered said secret intention.

48. Said promises were made with the intent to induce GOLDEN GATE GYMNASTICS,

1  INC. to do or refrain from doing the following acts, and in reasonable reliance upon said promises
2  GOLDEN GATE GYMNASTICS, INC. did in fact act or refrain from acting, as follows: On or
3  about August 26, 2004 GOLDEN GATE GYMNASTICS, INC. purchased a Commercial General
4  Liability policy from Defendants and each of them; Plaintiff contends that had GOLDEN GATE
5  GYMNASTICS, INC. known of Defendants' secret intention not to perform in compliance with the
6  terms and conditions of said policy and not honor their obligations under said policy, GOLDEN
7  GATE GYMNASTICS, INC. would not have so acted, but rather would have obtained an insurance
8  policy for said purposes from another insurance carrier. Plaintiff was an intended beneficiary of the
9  policy as he was involved in the using the equipment at the covered facility during business hours
10 and other activities with the knowledge of GOLDEN GATE GYMNASTICS, INC.

11  49.  GOLDEN GATE GYMNASTICS, INC.'s reliance was reasonable and justified, in
12  that GOLDEN GATE GYMNASTICS, INC. was informed and believed that Defendants were
13  reputable insurance companies authorized by the California Insurance Commission to sell General
14  Liability insurance in the State of California.

15  50.  As a direct and proximate result of the foregoing false and fraudulent promises of the
16  Defendants, and each of them, and the facts herein alleged, Plaintiff, an intended beneficiary of said
17  promises, was caused to suffer loss and has not been compensated for said losses pursuant to the
18  terms of the subject insurance policy, by reason of which Plaintiff has been damaged in an amount to
19  be determined at trial.

20  51.  In making said false and fraudulent promises, the Defendants, and each of them, acted
21  with fraud, malice, oppression, and with a conscious disregard of Plaintiff's rights, as those terms are
22  defined in Civil Code § 3294, by reason of which Plaintiff is entitled to punitive and exemplary
23  damages in an amount to be determined at trial.

24  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter
25  set forth.
26  ///
27  ///
28  ///

## FIFTH CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION

52. AS AND FOR A FIFTH, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION UNDER CIVIL CODE SECTION 1710(2), PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

53. Plaintiff incorporates by reference paragraphs 1 through 51 of this complaint, and makes them a part hereof as though fully set forth herein.

54. In connection with the transaction which is the subject of this lawsuit, Defendants negligently made the false promises and/or representations set forth in paragraphs 43 through 51 above.

55. Said Defendants negligently made said representations and/or promises with no reasonable grounds for believing them to be true; said representations and/or promises were false.

56. Said representations were made with the intent to induce GOLDEN GATE GYMNASTICS, INC. and Plaintiff to act or refrain from acting in the manner set forth in paragraphs 43 through 51 above of this complaint, and in reasonable reliance upon said representations, GOLDEN GATE GYMNASTICS, INC. and Plaintiff did in fact act or refrain from acting, in the manner set forth in paragraphs 43 through 51 of this complaint.

57. At the time Defendants made said negligent misrepresentations, and at the time GOLDEN GATE GYMNASTICS, INC. and Plaintiff acted or refrained from acting in reliance thereon as herein alleged in paragraphs 43 through 51 of this complaint, GOLDEN GATE GYMNASTICS, INC. and Plaintiff was ignorant of the falsity of said representations, and could not by reasonable diligence have discovered their falsity.

58. GOLDEN GATE GYMNASTICS, INC. and Plaintiff's said reliance was reasonable and justified, in that GOLDEN GATE GYMNASTICS, INC. and Plaintiff were informed and believed that Defendants were reputable insurance companies authorized by the California Insurance Commission to sell General Liability insurance in the State of California.

59. As a direct and proximate result of the foregoing negligent misrepresentations of Defendants, and each of them, and the facts herein alleged, Plaintiff was caused to suffer losses, has

UNVERIFIED COMPLAINT FOR DAMAGES

not been compensated for losses pursuant to the terms of the subject insurance policy, by reason of which Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION -
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. AS AND FOR A SIXTH, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

61. Plaintiff incorporates by reference paragraphs 1 through 59 of this complaint, and makes them a part hereof as though fully set forth herein.

62. The fraudulent, malicious and oppressive course of conduct of Defendants, and each of them, described in the foregoing causes of action of this complaint, including but not limited to Defendants' breach of the covenant of good faith and fair dealing, intentional misrepresentations, and breach of statutory duties, was a course of conduct which is outrageous on its face, and which was substantially certain to cause severe and substantial emotional and mental distress to Plaintiff, SEAN MICHAEL CARTER.

63. As an insurance company serving the public, Defendants are entities affected with the public interest, and as such, were and are under a special duty to grant fair treatment to the public whom it serves, including the Plaintiff herein.

64. Defendants had a special individual relationship of trust and confidence with Plaintiff, in that Plaintiff as a person covered by said insurance policy relied on Defendants' promises that no fault medical coverage would be provided and that Defendants would provide coverage and monetary compensation according to the terms of the insurance policy and said Defendants therefore owed Plaintiff the highest duty of good faith and fair dealing.

65. As a direct and proximate result of Defendants' said outrageous course of conduct as set forth above, Plaintiff has not received compensation for the losses as promised by the terms of

the insurance policy issued by Defendants. As a result of which Plaintiff, SEAN MICHAEL CARTER, has suffered severe emotional distress, and has not been compensated for losses pursuant to the terms of the subject insurance policy, all to Plaintiff's damage.

66. Defendants, and each of them, knew that the Plaintiff was particularly susceptible and vulnerable to severe and substantial emotional distress inasmuch as they knew that he was rendered a quadriplegic in the incident that lead to Plaintiff's claim of loss. Despite their knowledge of said vulnerability and susceptibility, said Defendants pursued their course of wrongful conduct in conscious disregard of the probable consequences to Plaintiff's mental and emotional well-being, knowing that the emotional distress to Plaintiff was likely to be exceptionally severe and substantial.

67. As a direct and proximate result of the said outrageous course of conduct of the Defendants, and each of them, Plaintiff, SEAN MICHAEL CARTER, has been compelled to endure, and is still being compelled to endure, substantial and severe mental and emotional distress, including, but not limited to, grief, shame, humiliation, anger, chagrin, disappointment and worry, by reason of which Plaintiff, SEAN MICHAEL CARTER, has been damaged in an amount to be proved at trial.

68. In doing the acts hereinabove alleged, Defendants, and each of them, acted with oppression, fraud and malice, and with a conscious disregard of the rights and the emotional well-being of Plaintiff, as those terms are defined in Civil Code § 3294, and with a willingness to vex, harass and annoy the Plaintiff, by reason of which Plaintiff, SEAN MICHAEL CARTER, is entitled to exemplary and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. AS AND FOR A SEVENTH, FURTHER, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, PLAINTIFF, SEAN MICHAEL CARTER, COMPLAINS OF DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

70. Plaintiff incorporates by reference paragraphs 1 through 68 of this complaint, and makes them a part hereof, as though fully set forth herein.

71. The course of conduct of Defendants, and each of them, described in the foregoing causes of action of this complaint, including but not limited to the breach of the covenant of good faith and fair dealing, the misrepresentations and the breach of statutory duties, was negligent and proximately caused severe and substantial emotional and mental distress to Plaintiff, SEAN MICHAEL CARTER.

72. As an insurance company serving the public, Defendants are entities affected with the public interest, and as such were and are under a special duty to grant fair treatment to the public whom they serve, including the Plaintiff herein.

73. Defendants had a special individual relationship of trust and confidence with Plaintiff, in that Plaintiff relied on Defendants' promises that in the event he was injured while participating in activities at GOLDEN GATE GYMNASTICS, INC., Defendants would provide coverage and monetary compensation according to the terms of their insurance policy and said Defendants therefore owed Plaintiff the highest duty of good faith and fair dealing.

74. As a direct and proximate result of Defendants' said outrageous course of conduct as set forth above, Plaintiff has not received compensation for his losses as promised by the terms of Defendants' insurance policy. As a result, Plaintiff has suffered losses including severe emotional distress and has not been compensated for his losses pursuant to the terms of the subject insurance policy.

75. Defendants, and each of them, knew, or should have known, that Plaintiff was particularly susceptible and vulnerable to severe and substantial emotional distress inasmuch as they knew that he suffered quadriplegia in the incident that lead to Plaintiff's claim under said policy. Despite their knowledge of said vulnerability and susceptibility, said Defendants pursued their course of wrongful conduct in conscious disregard of the probable consequences to Plaintiff's mental and emotional well-being, knowing that the emotional distress to Plaintiff was likely to be exceptionally severe and substantial.

76. As a direct and proximate result of the said outrageous course of conduct of the

1  Defendants, and each of them, Plaintiff, SEAN MICHAEL CARTER, has been compelled to endure,
2  and is still being compelled to endure, substantial and severe mental and emotional distress,
3  including, but not limited to, grief, shame, humiliation, anger, chagrin, disappointment and worry, by
4  reason of which Plaintiff, SEAN MICHAEL CARTER, has been damaged in an amount to be
5  proved at trial.

   WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as
7  follows:

   1. For special damages according to proof;
   2. For general damages according to proof;
   3. For punitive and exemplary damages in an amount appropriate to punish Defendants and set an example for others;
   4. For Plaintiff's costs of suit and reasonable attorneys' fees;
   5. For prejudgment interest; and
   6. For such other and further relief as the Court deems just and proper.

Dated: June 25, 2007.

JONES, CLIFFORD, JOHNSON & JOHNSON, LLP

By: _____
Steger P. Johnson
Attorneys for SEAN MICHAEL CARTER

14
UNVERIFIED COMPLAINT FOR DAMAGES