Bingham McCutchen LLP
ROBERT A. LEWIS (SBN 83630)
GEOFFREY T. HOLTZ (SBN 191370)
ELIZABETH KENNEDY (SBN 246039)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
Email:  g.holtz@bingham.com

Attorneys for Defendant
K&K INSURANCE GROUP, INC., dba SPECIALTY
BENEFITS ADMINISTRATOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAN MICHAEL CARTER,<br><br>            Plaintiff,<br><br>     v.<br><br>K&K INSURANCE GROUP, INC., dba SPECIALTY BENEFITS ADMINISTRATOR, INC.; NATIONWIDE LIFE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; AON CORPORATION and DOES 1 to 100<br><br>Defendants. | No. 3:07-CV-05588-CRB<br><br>DEFENDANT K&K INSURANCE GROUP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT<br><br>Hearing Date:  January 18, 2008<br>Time:  10:00 a.m.<br>Dept:  Courtroom 8<br>(The Hon. Charles R. Breyer) |

## I. INTRODUCTION

Plaintiff Sean Michael Carter brought this lawsuit to obtain disputed payments under the no-fault medical treatment provision of an insurance policy purchased by Carter's former employer, Golden Gate Gymnastics (Golden Gate), from defendant Nationwide Mutual Insurance Company (Nationwide). But he also named K&K Insurance Group, Inc. (K&K) as a defendant. K&K is an underwriting agent for Nationwide. It is not an insurance company and is not, and never has been, a party to any policy or contract with Plaintiff or with Golden Gate. Because California law is clear that a plaintiff may not maintain an action against an agent for the liabilities of its principal, whatever the merits of Plaintiff's claims against Nationwide, Plaintiff has no claim against the agent K&K under any theory. Accordingly, this action against K&K must be dismissed.

In addition, Plaintiff's complaint is vague and ambiguous in that it alleges each cause of action against all defendants. Without greater specification as to which actions are being alleged against which defendants, K&K cannot reasonably respond to Plaintiff's blanket allegations. Accordingly, pursuant to Fed. Rule Civ. Proc. 12(e), if the Court does not dismiss the complaint entirely against K&K, Plaintiff must re-plead and specify which actions were taken by which defendant.

## II. STATEMENT OF FACTS

K&K is not an insurance company, but is an insurance underwriting company. See Exh. 1 (California Department of Insurance Agent License Status Report) to K&K's Request For Judicial Notice, filed concurrently herewith; Compl. ¶ 2. In this capacity, K&K serves as the agent to insurers in administering and underwriting insurance policies. K&K was the underwriting agent for Nationwide at all times relevant to this lawsuit.

On or about August 24, 2004, Nationwide entered into an insurance contract with Michael Lynch, d/b/a Golden Gate Gymnastics, Inc. Compl. ¶ 23; Exh. 2 to K&K's Request for Judicial Notice. K&K was not a party to this contract; nor was Plaintiff. Compl. ¶ 23; Exh. 2 to K&K's Request for Judicial Notice. In April, 2005, Plaintiff was either an independent contractor hired by Golden Gate, or he was an employee of Golden Gate. Compl. ¶ 13. On or

about April 27, 2005, Plaintiff suffered quadriplegia after performing a flip at Golden Gate. Plaintiff subsequently made a claim under the no-fault treatment benefits provision of the insurance contract between Golden Gate and Nationwide. Compl. ¶ 18. On June 27, 2005, Nationwide denied coverage for Plaintiff's no-fault medical treatment claims. Compl. ¶ 19.

## III.  ARGUMENT

### A.  The Relevant Legal Standard

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). The Court should dismiss a cause of action where, as here, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). Documents such as the insurance policy referenced in Plaintiff's complaint, whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.[1] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled in part, on other grounds, by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (2002).

Plaintiff here has no claims upon which relief can be granted as to K&K. Each claim asserted by Plaintiff against K&K requires a contractual underpinning. But K&K is an underwriting agent, not an insurance company, and was not a party to any contract with Plaintiff or with Golden Gate. Exhs. 1, 2 to K&K's Request for Judicial Notice. As such, K&K owed no duties to Plaintiff or to Golden Gate. The Court should therefore grant this motion to dismiss because California law precludes Plaintiff from bringing this action against K&K.

---

[1] Here, Plaintiff's complaint references the insurance policy as "attached hereto as Exhibit 'A,'" Compl. ¶ 23, but Plaintiff did not actually attach the exhibit in the copy served on K&K.

DEFENDANT K&K INSURANCE GROUP INC.'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

**B.  K&K as the Agent of the Insurance Company Cannot be Liable Under Any Theory for Plaintiff's Claims**

**1.  There Can Be No Claim for Breach of Contract Because K&K Had No Contract with Either Plaintiff or His Employer**

K&K is an underwriting agent.  Here, Nationwide was the insurer, and Golden Gate was the insured.  There was no contract between K&K and Golden Gate.  There was no contract between K&K and Plaintiff.  The only contract was between Nationwide and Golden Gate.  Compl. ¶ 23, Exh. 2 to K&K's Request for Judicial Notice.

California law is clear that an agent of an insurance company cannot be liable for breach of contract because the agent is not a party to the insurance contract.  In *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977 (9th Cir. 1999) (applying California law), the plaintiff filed suit against a life insurance company and its agent for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and fraud.  On appeal, the court sustained summary judgment in favor of the agent on all claims, holding that "[u]nder California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract." *Id.* at 981.  See also *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 576 (1973) (complaint did not state cause of action against individual defendants—the insurer's agents—for breach of insurance agreements or bad faith because individuals were not parties to the agreements).  It is well-established that an agent is not liable for the contracts entered into by its principal even if the agent negotiated and executed the contract. *Oppenheimer v. General Cable Corp.*, 143 Cal.App.2d 293, 297 (1956) (demurrer sustained to breach of contract allegation as to the corporation's agents); *De Castro & Co. v. Liberty Steamship of Panama*, 186 Cal.App.2d 628, 631 (1960) (agent is not liable for an instrument made for a principal by an agent).  Indeed, California courts have held explicitly that an underwriting agent such as K&K cannot be sued for a breach of contract by its principal.  *Henry v. Associated Indem. Corp.*, 217 Cal.App.3d 1405, 1416-1417 (1990).

There is no contract between K&K and the Plaintiff or the Plaintiff's former

3                                                        No. C-07-05588 CRB

DEFENDANT K&K INSURANCE GROUP INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

employer, Golden Gate.  There is no basis for a breach of contract claim.  This action against K&K must be dismissed.

### 2. There Can Be No Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing also fails because no contract exists between Plaintiff or his former employer and K&K.  The prerequisite for any action for breach of the implied covenant of good faith and fair dealing, sounding either in tort or contract, is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.

That law is well-established.  *Seretti v. Superior Nat. Ins. Co.*, 71 Cal.App.4th 920, 928-929 (1999) ("Claims for bad faith violation of an insurance contract are 'strictly tied' to an implied covenant of good faith and fair dealing, which arises out of an underlying contractual relationship"); *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 21 Cal.App.4th 1586, 1598-99 (1994) (no breach of duty of good faith and fair dealing where there was no evidence of any contractual relationship); *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990) (implied covenant is auxiliary and supplementary to express contractual obligations and has no existence separate from the contract); *Austero v. National Cas. Co.*, 62 Cal.App.3d 511, 516-517 (1976) (no recovery for bad faith may be had absent a contractual relationship); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973) (non-insurer defendants were not parties to the agreements for insurance and therefore were not subject to an implied duty of good faith and fair dealing).

Because agents are not parties to the contracts of their principals, California courts have disallowed claims for breach of the implied covenant against an agent and have explicitly disallowed a claim for breach of good faith and fair dealing against an underwriting agent, such as K&K.  *Henry v. Associated Indemnity Corp.*, 217 Cal.App.3d, 1405, 1416-1417 (1990) (cause of action against insurance underwriter for breach of covenant of good faith and fair dealing dismissed because there was no direct contractual relationship between the underwriter and the insured); *Cleary v. American Airlines, Inc.*, 111 Cal.App.3d 443, 456 (1980)

DEFENDANT K&K INSURANCE GROUP INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

1  (discharged employee's complaint failed to state cause of action against other employees for
2  breach of the implied covenant of good faith and fair dealing because employees were not parties
3  to the employment contract); *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809 (1979) (agents of
4  insurance company were not parties to the insurance contract and thus not subject to the implied
5  covenant).

6        There is no contractual relationship between Plaintiff or his former employer and
7  K&K.  Without a contractual underpinning, there is no independent claim for breach of the
8  implied covenant of good faith and fair dealing.

9        **3.   There Can Be No Claim for Breach of Statutory Duty**
10        Plaintiff also fails to state a cause of action against K&K for breach of statutory
11  duty under California Insurance Code § 790.03(h).  K&K owes no duty to Plaintiff under that
12  statute.  *Henry v. Associated Indemnity Corp.*, 217 Cal.App.3d 1405, 1416 (1990) (underwriters'
13  relationship to insurance company akin to agency relationship, thus finding no separate right of
14  action under § 790.03 against underwriters); *Doctors' Co. v. Superior Court* 49 Cal.3d 39, 49
15  (1989) (holding that plaintiff failed to state a cause of action under California Insurance Code §
16  790.03(h) because the defendant acted solely as the insurer's agent, and did not share the
17  statutory duty alleged to have been violated); *see also Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566,
18  576 (1973).

19        **4.   There Can Be No Claim for Fraud or Deceit**
20        Plaintiff's Fourth Cause of Action is for "false promise" under section 1710(4) of
21  the California Civil Code.  The elements of such a claim are: (1) that the defendant made a
22  promise to the plaintiff; (2) that this promise was important to the transaction; (3) that the
23  defendant did not intend to perform this promise when made; (4) that the defendant intended that
24  the plaintiff rely on this promise; (5) that the plaintiff reasonably relied on the defendant's
25  promise; (6) that the defendant did not perform the promised act; (7) that the plaintiff was
26  harmed; and (8) that the plaintiff's reliance on the defendant's promise was a substantial factor in
27  causing his harm.  *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 973–974
28  (1997); CACI No. 1902.

DEFENDANT K&K INSURANCE GROUP INC.'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff's complaint fails to allege several of the necessary elements. First, there is no allegation that K&K promised anything to Plaintiff. Rather, the only allegation is that unspecified "Defendants" made promises to Golden Gate about insurance coverage. Compl. ¶ 44. Second, there is no allegation that K&K (or any defendant) intended that Plaintiff rely on any promise; rather the only allegation is that "Defendants" intended for Golden Gate to rely on the alleged promise. Compl. ¶ 48. Third, as discussed above, because there is no insurance contract between K&K and Plaintiff or Golden Gate, there is no allegation that K&K failed to perform any promise or did not intend to perform when any promise was made.

Plaintiff's complaint also fails to satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1547-48 & n.7 (9th Cir. 1994) (en banc) ("Rule 9(b) requires particularity as to the circumstances of the fraud — this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading"). The complaint does not even approach the required showing of particularity and dismissal is required on this basis alone. Compl. ¶ 48.

Plaintiff could not meet the required showing of particularity in any event. Plaintiff does not – and cannot – allege that K&K made any representation at all to Plaintiff, let alone a representation on which Plaintiff reasonably relied. These are necessary elements of promissory fraud or any fraud claim, and Plaintiff's complaint fails to state a claim under any theory of fraud or deceit.

### 5. There Can Be No Claim for Negligence

Plaintiff's fifth and seventh causes of action based on negligence also fail against K&K. Any claim of negligence, including negligent misrepresentation, "rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person." *Eddy v. Sharp*, 199 Cal.App.3d 858, 864 (1988). As discussed above, K&K was only Nationwide's underwriting agent and had no contract with Plaintiff or his employer, nor did K&K owe any duty to Plaintiff. Even if Plaintiff could point to some negligence on the part of K&K, which he cannot (instead making only vague allegations against unnamed "Defendants"),

an insurance agent cannot be held liable by a policyholder—and Plaintiff was not even the policyholder—for negligence in performing its duties owed to its principal, the insurance company. An insurance agent is not liable to the insured for negligence committed within the scope of its agency or employment. *Lippert v. Bailey*, 214 Cal.App. 2d 376, 382 (1966); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 249 (E.D. Cal. 1992) (applying Calif. law) ("Where an agent is duly constituted and names his principal and contracts in his name and does not exceed his authority, the principal is responsible and not the agent"). The lack of any contract or other legal relationship between Plaintiff and K&K defeats the claim for negligent misrepresentation as a matter of law. *Eddy v. Sharp*, 199 Cal.App.3d at 864 (1988).

Plaintiff also fails to allege the required elements for either negligent misrepresentation or negligent infliction of emotional distress. For the same reasons discussed above with respect to the claims against K&K for intentional misrepresentation, Plaintiff's fifth cause of action fails to state a claim for negligent misrepresentation. *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986) (elements of negligent misrepresentation). The first element to establish a claim for negligent misrepresentation is that the defendant represented to plaintiff that an important fact was true. *Id*. Plaintiff does not – and cannot – allege that K&K made any representations to him. Plaintiff also fails to meet a further requirement for negligent misrepresentation that the plaintiff reasonably relied on defendant's representation. Plaintiff has not alleged – and cannot allege – that he reasonably relied on any representation by K&K because there <u>was no</u> representation made by K&K to Plaintiff.

Similarly, Plaintiff's seventh cause of action for negligent infliction of emotional distress fails as a matter of law because Plaintiff has not – and cannot – plead the required elements for such a claim. The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotional distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses (*Christensen v. Superior Court*, 54 Cal.3d 868, 879 (1991); (2) the negligent misdiagnosis of a disease that could potentially harm another (*Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 923 (1980); and (3) the negligent breach of a duty arising out of a preexisting relationship (*Burgess v. Superior Court*, 2 Cal.4th 1064,

1076 (1992). Whether a duty was owed to the plaintiff is a question of law for the court. CACI No. 1620. Here, K&K owed no duty to Plaintiff because there was no preexisting relationship between Plaintiff and K&K. Once again, the lack of a contract is fatal to these causes of action.

### 6. The Intentional Infliction of Emotional Distress Cause of Action Fails

Plaintiff also fails to state a claim against K&K for intentional infliction of emotional distress for two reasons. First, California courts have refused to grant a claim for emotional distress based on a breach of contract. *Erlich v. Menezes*, 21 Cal.4th 543 (1999) (holding that damages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California); Rest.2d Contracts, § 353 ("Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result").

Second, intentional infliction of emotional distress requires outrageous conduct by a defendant that is intended to cause emotional distress. Whether the denial of Plaintiff's insurance claim rises to the level of outrageous conduct necessary to sustain this claim is a matter of law for the court to decide. *Fletcher v. Western Life Insurance Co.*, 10 Cal.App.3d 376, 397 (1970) ("It is for the court to determine whether on the evidence severe emotional distress can be found . . . "). To be "outrageous," the conduct must be so must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). "It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court*, 54 Cal.3d 868, 903-904 (1991). Here, Plaintiff claims that his emotional distress arose out of a special relationship between him and Golden Gate's insurer, not K&K. Compl. ¶¶ 63-64. He alleges that the denial of a claim by the insurer, Nationwide, not by K&K, was the cause of his emotional distress. Compl. ¶ 65. As a matter of law, the denial of an insurance claim by the insurer rather than by K&K cannot amount to "outrageous" conduct by K&K giving rise to tort liability for emotional distress. The complaint

DEFENDANT K&K INSURANCE GROUP INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

fails to state a claim against K&K.

### C. Plaintiff's Complaint is Vague and Ambiguous, and a More Definite Statement is Required

To the extent the complaint against K&K is not dismissed in its entirety, Plaintiff should be directed to amend his complaint to specify which conduct and which claims apply to each named defendant. Plaintiff's complaint avers generally to "Defendants." Plaintiff is well aware, however, that not all allegations may be asserted as to K&K consistent with the obligations of Rules 8(e) and 11 of the Federal Rules of Civil Procedure. For example, Defendants allege a "written contract of insurance with Defendants," Compl. ¶¶ 23, but the contract itself establishes that K&K was not a party to it. Without greater specification as to which actions are being alleged against which defendants, K&K cannot reasonably respond to Plaintiff's blanket allegations. *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp.277, 284 (E.D. Wis. 1975) (plaintiffs required to make a more definite statement of claims where original charging allegations referred generally to "plaintiffs" and "defendants," although not all plaintiffs and not all defendants were involved in each claim). On a Rule 12(e) motion, plaintiffs may be ordered to specify which plaintiffs and which defendants were involved; and, as to references to various agreements, to identify each such agreement by date and parties and as to whether each was written or oral. At the very least, Plaintiff must re-plead and specify which actions were taken by which defendants so that further law and motion and discovery can focus on the proper claims alleged as to each defendant. Fed. Rule Civ. Proc. 12(e) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.").

## IV. CONCLUSION

Plaintiff has brought this lawsuit to obtain coverage under an insurance policy issued by Nationwide to Golden Gate and for harm allegedly suffered as a result of the denial of coverage under that policy. However, he has named as a defendant not only the insurance company that issued the policy but the underwriting agent, K&K. There was no contract

1 | between K&K and plaintiff nor between K&K and Golden Gate.  As a matter of law, Plaintiff

2 | has no claim against K&K under any theory.  For the reasons stated above, this motion to

3 | dismiss must be granted.

4 | DATED:  November 30, 2007

Bingham McCutchen LLP

By: _____/s/_____
Elizabeth Kennedy
Attorneys for Defendant
K&K INSURANCE GROUP, INC., d/b/a
SPECIALTY BENEFITS ADMINISTRATOR, INC.