**GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP**
Lee S. Harris, Esq. SB# 76699
Michael W. Flynn, Esq. SB# 247501
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5494
Telephone: (415) 673-5600
Facsimile: (415) 673-5606

Attorneys for Plaintiff
SEAN MICHAEL CARTER

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq. SB# 133878
Stephen J. Liberatore, Esq. SB# 129772
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAN MICHAEL CARTER,<br><br>Plaintiff,<br><br>v.<br><br>K&K INSURANCE GROUP, INC., d/b/a SPECIALTY BENEFITS ADMINISTRATOR, INC.; NATIONWIDE LIFE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; AON CORPORATION, and DOES 1-100,<br><br>Defendants. | CASE NO. 3:07-CV-05588 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 21, 2008<br>Time: 9:00 a.m.<br>Crtrm: 8<br>The Hon. Charles R. Breyer |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff SEAN MICHAEL CARTER ("Plaintiff") and Defendant NATIONWIDE MUTUAL INSURANCE COMPANY submit the following Joint Case Management Conference Statement.

1. **Jurisdiction and Service**

The Court has jurisdiction pursuant to 28 U.S.C. section 1441(b) (diversity of citizenship). The parties are unaware of any issues regarding personal jurisdiction or venue. All parties have been served. All Defendants, except Nationwide, have been dismissed with prejudice.

2. **Facts**

On April 27, 2005, Plaintiff suffered catastrophic injury when he attempted a "double front flip" at Golden Gate Gymnastics ("GGG") in Concord, CA. At that time, Plaintiff was either an independent contractor or employee of GGG. In effect at the time of Plaintiff's injury was a comprehensive general liability insurance policy ("the Policy") that Nationwide had issued to GGG's proprietor, Michael Lynch. The Policy provided coverage, subject to various exclusions and conditions, for medical payment benefits up to $150,000.

Plaintiff submitted a claim to Nationwide under the Policy for medical payment benefits. Citing various Policy exclusions and conditions, Nationwide denied the claim. This litigation followed.

(Plaintiff also filed a personal injury action against Mr. Lynch and others in Contra Costa County (CA) Superior Court. That case settled in May 2007 for $1 million.)

3. **Legal Issues**

The principal legal issues in dispute are:

    a. Whether Plaintiff was entitled to medical payment benefits under the Policy;

    b. Whether Nationwide breached the insurance contract in denying Plaintiff's claim for medical payment benefits;

    c. Whether California law allows Plaintiff to assert a cause of action against Nationwide for breach the implied covenant of good faith and fair dealing, and if so, whether Nationwide breached the implied covenant; and

    d. Whether Nationwide, if it did breach the insurance contract and the implied covenant of good faith and fair dealing, should be subjected to punitive damages.

4. **Motions**

There are no pending motions. Nationwide anticipates that it will file a motion for summary

1 judgment or motion for partial summary judgment should the case not settle at mediation.

**5.    Amendment of Pleadings**

The parties do not anticipate that the pleadings will be amended.

**6.    Evidence Preservation**

Nationwide has undertaken to preserve all electronically stored information with respect to Plaintiff's claim for medical payment benefits.

**7.    Disclosures**

The Parties certify that they have complied with the initial disclosure requirements of Federal Rules of Civil Procedure, Rule 26, and that they have made the following disclosures:

    a.    Names and identifying information of witnesses;

    b.    Plaintiff's non-privileged documents pertaining to medical services received.

    c.    Nationwide's non-privileged documents, including, but not limited to:

        i.    The Nationwide policy; and

        ii.    The Nationwide claim file, including electronic claim notes and e-mails.

**8.    Discovery**

Plaintiff propounded requests for production of documents to Nationwide, to which Nationwide responded and produced non-privileged documents. Nationwide noticed Plaintiff's deposition, but the deposition has been postponed due to Plaintiff's inability to present for deposition in light of his medical condition.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are no pending related cases.

**11.    Relief Sought**

By his complaint, Plaintiff seeks special and general damages, and punitive damages, costs and attorneys' fees, and prejudgment interest. Nationwide contends that, under California law, only Policy medical payments benefits, up to $150,000, are available to Plaintiff.

///

**12.  Settlement and ADR**

The Parties have filed a Stipulation and Proposed Order Selecting an ADR process, specifying "Private Mediation." The Parties have agreed to employ the services of the Honorable Eugene Lynch, U.S. District Court Judge (ret.), and Judge Lynch has agreed to act as mediator. Mediation was scheduled for March 12, 2008, but had to be postponed due to Judge Lynch's illness; it was re-scheduled for June 30, 2008, but had to be postponed again due to Plaintiff's having undergone recent surgery. The mediation is now scheduled for September 3, 2008.

**13.  Consent to Assignment to United States Magistrate Judge for Trial**

The Parties do <u>not</u> consent to the assignment of this action to a United States Magistrate Judge for trial.

**14.  Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The Parties believe the issues are straightforward and succinctly stated: (1) Did the Policy afford coverage to Plaintiff for medical payment benefits. (2) Did Nationwide breach the insurance contract in denying Plaintiff's claim for medical payment benefits? (3) May Plaintiff sue Nationwide for breach of the implied covenant of good faith and fair dealing? If so, did Nationwide act in bad faith in denying Plaintiff's claim for medical payment benefits? (4) If Nationwide did breach the contract and acted in bad faith, what are Plaintiff's damages? and (5) Is Plaintiff entitled to punitive damages? (If Plaintiff is not entitled to assert a cause of action for breach of the implied covenant, then punitive damages will not be available.)

**16.  Expedited Schedule**

The parties do not believe this action can be handled on an expedited basis with streamlined procedures.

///

///

1  17.  **Proposed Schedule**

2      Mediation:                               September 3, 2008

3      Designation of Experts:          February 2, 2009

4      Discovery Cut-off:               March 1, 2009

5      Deadline for Dispositive Motions:  March 13, 2009

6      Pre-trial Conference:            April 1, 2009

7      Trial:                                     April 14, 2009 (7-10 court days)

8  18.  **Trial**

9  Plaintiff has demanded trial by jury.

10  Nationwide does not believe trial by jury is warranted given that only questions of law are presented. Hence, Nationwide reserves its right to trial by jury.

12  19.  **Disclosure of Non-part Interested Entities or Persons**

The Parties have filed their respective "Certification of Interested Entities or Persons." The identities of persons, associations, firms, partnerships, corporations and other entities known by the parties to have (1) a financial interest in the subject matter at issue or in a party to this action, or (2) any other kind of interest that could be substantially affected by the outcome of this action, are:

    a.    Plaintiff;

    b.    Plaintiff's counsel of record, the law firm of Goldstein, Gellman, Melbostad, Gibson & Harris, LLP, and attorneys and employees associated therewith;

    c.    Plaintiff's former counsel of record, the law firm of Jones, Clifford, Johnson & Johnson, LLP, and attorneys and employees associated therewith;

    c.    Defendant Nationwide, and its affiliated entities and employees;

    d.    Nationwide's counsel of record in this action, the law firm of Lewis Brisbois Bisgaard & Smith LLP, and attorneys associated therewith; and

    e.    Nationwide's former counsel of record in this action, the law firm of Long & Levit LLP, and attorneys and employees associated therewith.

27  / / /

28  / / /

**20. Miscellaneous**

Counsel for the parties will be prepared at the time of the Case Management Conference to provide additional information as the Court may deem necessary to facilitate the just, speedy and inexpensive disposition of this matter.

Dated: July __, 2008        GOLDSTEIN GELLMAN MELBOSTAD GIBSON & HARRIS, LLP


By_____
    Lee S. Harris
    Michael W. Flynn
Attorneys for Plaintiff
SEAN MICHAEL CARTER


Dated: July __, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____
    Julian J. Pardini
    Stephen J. Liberatore
Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE COMPANY